# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VERNON NELSON,

    Plaintiff

v.

R. TRUESDELL,

    Defendant

Case No.: 3:20-cv-00436-MMD-CSD

**Order**

Re: ECF No. 51

Plaintiff has filed a motion to compel production of the video reviewed in connection with his disciplinary hearing in that shows defendant Truesdell's search of Plaintiff. (ECF No. 51.) Defendant Truesdell filed a response (ECF Nos. 55, 55-1), and Plaintiff filed a reply (ECF No. 59).

Plaintiff previously filed a motion to compel and motion for sanctions related to the production and viewing of the relevant Inspector General's (IG) report, videos, and psychological records. (ECF Nos. 35, 37). The court held a hearing on the motions on March 11, 2022. The court directed Deputy Attorney General (DAG) Ginn to speak with the warden and verify that the previously produced videos and IG report were in the warden's possession for Plaintiff's review. The court directed Plaintiff to request to review the videos and report that day so NDOC could make them available for viewing by the end of the following week. The court also directed DAG Ginn to file a status report within 15 working days regarding whether the video shown at Plaintiff's disciplinary hearing has been produced and/or if any other video exists from the hearing that has not been produced. (ECF No. 45.)

Exactly 15 working days later, on April 1, 2022, a status report was filed by DAG Ginn. The status report states that "on information and belief" Plaintiff reviewed the IG report on March 16, 2022, and completed his review of "the video footage, two video files," on March 23, 2022. The status report indicates that the video that Nelson viewed on March 23, 2022, included the video from Plaintiff's disciplinary hearing, that was discussed at the March 11, 2022 hearing, and no additional videos were located. (ECF No. 46.)

The status report includes a declaration of Konelio Salavea, a Correctional Casework Specialist I at High Desert State Prison (HDSP), where Plaintiff is housed. Mr. Salavea states that Plaintiff reviewed the IG report on March 16, 2022, and he completed his review of the video footage on March 23, 2022. (ECF No. 46 at 5.) Mr. Salavea's declaration does not provide any description of the specific video footage viewed by Plaintiff on March 23, 2022.

The status report also includes a declaration of Lieutenant Daniel Collier. Lt. Collier is currently the Acting Associate Warden at Lovelock Correctional Center (LCC), and was previously a lieutenant there. According to Lt. Collier, the Attorney General's Office made a request to see if the video that Plaintiff reviewed for "OIC" (offense in custody) 466071 was still available. Lt. Collier was the hearing officer for OIC 466071. He reviewed a video that showed Truesdell conducting pat searches, and showed Truesdell and Plaintiff having a discussion while Truesdell searched Plaintiff. The video is approximately 1.5 minutes long. Lt. Collier does not recall reviewing this video with Plaintiff at the disciplinary hearing, as this would not have been his practice due to security concerns. Nevertheless, Lt. Collier located the 1.5-minute video, burned a copy, and mailed it to the Attorney General's Office. (ECF No. 46 at 7-8.)

In his motion to compel, Plaintiff acknowledges that he was permitted to view two videos on March 23, 2022; however, he contends that they were identical, and were 34 minutes in

2

length. Plaintiff was not in either of the videos, but he recognized inmates in the videos he knew from Units 4 and 5. At the time of the incident that is the subject of this lawsuit, Plaintiff was housed in Unit 3. Plaintiff maintains that he was <u>not</u> permitted to review the 1.5-minute video that shows Truesdell's search of Plaintiff, referenced by Lt. Collier.

Plaintiff asks the court to order DAG Ginn to make a copy of the 1.5-minute video referenced by Lt. Collier, and submit a copy to the court and a copy to Plaintiff by providing it to Warden Johnson. Alternatively, he asks the court to issue a subpoena to Lt. Collier to produce the video. Finally, Plaintiff asks the court to inquire into DAG Ginn's conduct and issue all just orders, including sanctions and/or referral to the state bar.

In response, DAG Ginn represents that the video footage has been produced multiple times to Warden Johnson at HDSP, and Plaintiff has been informed he must kite the Warden's Office to view the video footage. DAG Ginn references a declaration of legal secretary Connie Fondi, that was also filed in support of Defendant's response to Plaintiff's earlier motion to compel. DAG Ginn maintains that NDOC has produced all the videos it has. DAG Ginn acknowledges Plaintiff viewed the longer (34-minute video), and states that if Plaintiff has not seen all the video footage, then he failed to access the discovery that was provided. DAG Ginn asserts that Plaintiff had access to the video footage since at least January 20, 2022, and waited 81 days, until after the close of discovery, to file this motion; therefore, the motion should be denied as untimely.  (ECF No. 55.)

The declaration of Ms. Fondi states that on January 20, 2022 she mailed a letter, videos, and the IG reports to Warden Johnson's office at HDSP. She states that the letter is attached as Exhibit B. (ECF No. 55-1.) However, there is no Exhibit B attached to the declaration filed at ECF No. 55-1. Ms. Fondi's declaration does appear in connection with ECF No. 43. Attached to

1 that document is a January 20, 2022 letter, which states that she enclosed 1 CD to Warden
2 Johnson for Plaintiff's review. (ECF No. 43-2 at 2.)
3       Truesdell submitted a manual filing containing Exhibits K and L in support of his motion
4 for summary judgment. (ECF No. 56.) The declaration of Adolfo Escutia, filed in support of
5 Truesdell's motion for summary judgment, states that the video filed with the notice of manual
6 filing is a true and correct copy of "Nelson 80689" dated July 178, 2019, with a start time of
7 6:50:59 a.m. and an end time of 6:51:28 a.m., and a copy of "Phase 2 Unit 4 Yard," with a
8 duration of 34 minutes and 13 seconds. (ECF No. 57-18.) Truesdell's exhibit list identifies
9 Exhibit K as video footage "Nelson 80689," and Exhibit L is identified as video footage "Phase
10 2 Unit 4 Yard." (ECF No. 57 at 14.)
11       The court has reviewed the manual filing, which is a DVD that contains two video files.
12 One is a file titled "Nelson 80689" and is approximately 1.5 minutes in length, which appears to
13 be Exhibit K. The second is a file titled "Phase 2 Unit 4" and is approximately 34 minutes in
14 length, and appears to be Exhibit L.
15       Truesdell's opposition does not address Plaintiff's statement that when he reviewed the
16 video footage on March 23, 2022, he was given two identical videos, that were 34 minutes in
17 length and did not depict Plaintiff or Truesdell, and did not even show inmates from Plaintiff's
18 unit. Lt. Collier's description of the video reviewed in connection with Plaintiff's disciplinary
19 proceeding, on the other hand, is a video that is approximately 1.5 minutes in length that depicts
20 Truesdell conducting pat down searches and an interaction with Plaintiff.
21       Instead of contacting the warden's office to ensure that Plaintiff was given an opportunity
22 to review *both* videos—the 34-minute video and the 1.5-minute video from the disciplinary
23 hearing provided by Lt. Collier—DAG Ginn and Truesdell simply maintain that Plaintiff must

have failed to access the discovery provided. Upon receiving Plaintiff's motion, DAG Ginn should have conducted further inquiry as it is conceivable that Warden Johnson did not receive both videos, or that both videos were not copied onto the DVD, or that Plaintiff was not shown both videos.

Plaintiff's motion to compel (ECF No. 51) is **GRANTED** insofar as DAG Ginn shall personally contact Warden Johnson at HDSP and ensure that Plaintiff is permitted to review the 1.5-minute video that is referenced by Lt. Collier and submitted in support of Truesdell's motion for summary judgment on or before **5:00 on Friday, May 6, 2022**. On or before **5:00 p.m. on May 10, 2022**, DAG Ginn shall file a notice that Plaintiff has had an opportunity to review the 1.5-minute video, that is accompanied by a declaration from Warden Johnson, or whatever prison official is ultimately responsible for ensuring that Plaintiff has reviewed the 1.5-minute video. If Warden Johnson has not received a copy of the DVD of the 1.5-minute video, DAG Ginn shall immediately ensure that he receives a copy of the video so that Plaintiff may have a reasonable time to review it before the 5:00 p.m. May 6, 2022 deadline.

DAG Ginn's notice shall also explain the relevance of the 34-minute video that has been submitted in support of Truesdell's motion for summary judgment given Plaintiff's statement that he was housed in Unit 3 at the time of the event and that the 34-minute video does not depict Plaintiff, Truesdell or inmates in Unit 3. The only reference to the videos is in Truesdell's statement of undisputed facts, which states that on July 17, 2019, Truesdell was outside the culinary building engaging in checking departing inmates for oranges because prisoners have used oranges for prison-made alcohol, and during one of these pat downs, Truesdell instructed Plaintiff to turn around. (ECF No. 57 at 3:11-14.) There is no further discussion in the motion of

what the videos depict. If the 34-minute video has no relevance to this action, it should be withdrawn.

Plaintiff should still have sufficient time to timely file his response to Truesdell's motion for summary judgment on or before **May 23, 2022**. Truesdell's reply is due on or before **May 31, 2022**.

Plaintiff's motion is denied insofar as he requests that a copy of the 1.5-minute video be provided to the court, that a subpoena be issued. His request for sanctions is also denied.

**IT IS SO ORDERED**.

Dated: May 3, 2022

_____
Craig S. Denney
United States Magistrate Judge