UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERNON NELSON, | Case No. 3:20-cv-00436-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| R. TRUESDELL, *et al.*, | |
| Defendants. | |

I.  **SUMMARY**

*Pro se* Plaintiff Vernon Nelson, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendant Richard Truesdell.[1] (ECF No. 15.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 67), recommending the Court deny Plaintiff's motion for summary judgment (ECF No. 53 ("Plaintiff's Motion"))[2] and grant in part and deny in part Defendant's motion for summary judgment (ECF No. 57 ("Defendant's Motion")).[3] Plaintiff filed an objection to the R&R (ECF No. 68 ("Objection")),[4] while Defendant did not. Because the Court agrees with Judge Denney's analysis as to both Motions, the Court will accept and adopt the R&R in full. Accordingly, the Court will deny Plaintiff's Motion and grant in part and deny in part Defendant's Motion.

II.  **BACKGROUND**

The Court incorporates by reference Judge Denney's description of the case's

---

[1]The other Defendant has been dismissed from this action.

[2]Defendant responded (ECF No. 62), and Plaintiff replied (ECF No. 64).

[3]Plaintiff responded (ECF No. 65), and Defendant replied (ECF No. 66).

[4]Defendant responded to Plaintiff's Objection. (ECF No. 69.)

background and relevant facts provided in the R&R, which the Court adopts. (ECF No. 67 at 1-2, 6-9.)

In the R&R, Judge Denney recommends: (1) denying Plaintiff's Motion; (2) granting Defendant's Motion only as to Plaintiff's First Amendment retaliation claim based on the theory that Defendant engaged in a campaign of stalking and harassment; and (3) denying Defendant's Motion as to Plaintiff's Eighth Amendment sexual abuse claim and First Amendment retaliation claim based on the theory that Defendant filed a false disciplinary charge against Plaintiff. (*Id.* at 13.)

**III.    DISCUSSION**

The Court first addresses Judge Denney's unobjected recommendations as to Defendant's Motion, then addresses Plaintiff's objections to the R&R.

**A.    Defendant's Motion for Summary Judgment**

Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (1983). Because there is no objection to the R&R to the extent that it denies in part Defendant's Motion, the Court need not conduct de novo review of those corresponding issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

Here, Judge Denney recommends denying Defendant's Motion as to Plaintiff's Eighth Amendment sexual abuse claim and First Amendment retaliation claim based on the theory that Defendant retaliated against Plaintiff by filing a false disciplinary charge because genuine disputes of material fact exist as to both claims. (ECF No. 67 at 10-12.) The Court is satisfied that Judge Denney did not clearly err and therefore adopts his recommendation to the extent that it denies in part Defendant's Motion.

2

### B. Plaintiff's Objections

Plaintiff objects to Judge Denney's recommendation to deny Plaintiff's Motion and to grant Defendant's Motion as to Plaintiff's retaliation claim. (ECF No. 68 at 2.) Because Plaintiff filed his Objection, the Court will address each objection in turn under de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

### 1. Plaintiff's First Objection

Judge Denney recommends denying Plaintiff's Motion because genuine disputes of material fact exist as to the Eighth Amendment sexual abuse claim and First Amendment retaliation claim on Plaintiff's "false disciplinary charge" theory and because Plaintiff has not met his burden to avoid summary judgment as to the retaliation claim on his "stalking and harassment" theory. (ECF No. 67 at 6, 10-12.) Plaintiff argues that: (1) "Plaintiff submitted evidence which [Defendant] did not rebut[ ] with evidence that is relevant and admissible"; and (2) Defendant "did not answer his own interrogatories" but "instead [Defendant's] verification states he is 'aware of' the answers." (ECF No. 68 at 2.) Defendant responds that: (1) "Plaintiff fails to identify the alleged 'evidence' that he claims was not rebutted"; and (2) Defendant "declared his interrogatory responses 'are true and correct to the best of my knowledge.'"[5] (ECF No. 69 at 3.)

Plaintiff's general objection that Defendant did not rebut with relevant and admissible evidence is too vague and unpersuasive. First, as to the Eighth Amendment sexual abuse claim, the Court finds, as Judge Denney found (ECF No. 67 at 10), that Defendant did provide evidence to rebut Plaintiff's evidence in the form of Defendant's

---

[5]The Court notes that Defendant erroneously references the clear error standard of review throughout his analysis in his response to Plaintiff's Objection, despite stating earlier in his response that "[w]here a party timely objects to a magistrate judge's report and recommendation, then the Court is required to 'make a de novo determination of those portions of the [report and recommendation] to which objection is made." (ECF No. 69 at 2-3.)

1   interrogatory response denying he touched Plaintiff's penis (ECF No. 57-9 at 5-6) and an

2   Investigation Detail Report (ECF No. 57-10 at 7) and grievance response (ECF No. 57-2

3   at 6) indicating that the Inspector General's investigation found Plaintiff's sexual assault

4   allegations "unsubstantiated." In his Objection, Plaintiff points to potential admissibility

5   issues with Defendant's interrogatory responses (ECF No. 57-9). (ECF No. 68 at 2.) The

6   Court finds Plaintiff's objection that Defendant did not answer his own interrogatories

7   unpersuasive because it is permissible and in fact common for attorneys to respond to

8   interrogatories on behalf of their clients, particularly to object, as was the case here. But

9   the Court notes that Defendant did not sign the verification on his interrogatory responses

10  as required by Rule 33(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 57-9 at

11  9.) This indicates that Defendant's interrogatory responses were not properly

12  authenticated. Defendant attempts to cure this deficiency in his response to the Objection

13  by proffering a signed verification page (ECF No. 69-1). (ECF No. 69 at 3.) However, this

14  signed verification page appears to belong to a different set of Defendant's interrogatory

15  responses with a different date and different content (*compare* ECF No. 57-9 *with* ECF

16  No. 69-1), and therefore, Defendant's interrogatory responses remain deficient.

17      Nevertheless, even if the Court does not consider Defendant's unverified

18  interrogatory responses, the Court finds that Defendant's other pieces of evidence—the

19  Investigation Detail Report and grievance response indicating that the Inspector

20  General's investigation "had been completed and closed as unsubstantiated for staff on

21  inmate sexual abuse" (ECF No. 57-10 at 7; ECF No. 57-2 at 6)—have been properly

22  authenticated and sufficiently raise a genuine dispute of material fact as to whether

23  Defendant sexually abused Plaintiff.[6] Accordingly, the Court adopts Judge Denney's

24

25      [6]In any event, under the 2010 amendments to Federal Rule of Civil Procedure 56,
    which eliminated the strict requirement under *Orr v. Bank of America Orr v. Bank of Am.,*
26  *NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), that evidence be properly authenticated and
    admissible in its present form for it to be considered at the summary judgment phase, the
27  Court could consider Defendant's unverified interrogatory responses, as Defendant could
    reasonably testify at trial as to the content of his interrogatory responses. *See Romero v.*
28  *Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016); *see also* Fed. R. Civ. P. 56
    advisory committee's note to 2010 amendment.

1    recommendation that Plaintiff's Motion be denied as to the Eighth Amendment sexual

2    abuse claim.

3          Next, Plaintiff appears to assert two theories in support of his First Amendment

4    retaliation claim: (1) that Defendant filed a false disciplinary charge against Plaintiff (ECF

5    No. 53 at 21-22); and (2) that Defendant engaged in "a campaign of stalking[,]

6    harassment[,] and intimidation" of Plaintiff (*id.* at 22)—both in response to Plaintiff

7    reporting Defendant for sexual assault. As to Plaintiff's first theory of retaliation, the Court

8    finds, as Judge Denney found (ECF No. 67 at 11), that Defendant provided evidence to

9    rebut Plaintiff's evidence in the form of Plaintiff's interrogatory responses stating that he

10   "did not inform Defendant" that he was filing a grievance against him and contacting the

11   Prison Rape Elimination Act hotline (ECF No. 57-3 at 6) and that he "was not chilled" by

12   Defendant's conduct (*id.* at 10). This evidence raises genuine disputes of material fact as

13   to whether Defendant filed the false disciplinary charge "because of" Plaintiff's "protected

14   conduct" of reporting him for sexual abuse and whether such action objectively "chilled"

15   Plaintiff's right to grieve. *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) ("A

16   viable § 1983 claim of retaliation for engaging in activity protected by the First Amendment

17   in the prison context involves the following elements: (1) An assertion that a state actor

18   took some adverse action against an inmate (2) because of (3) that prisoner's protected

19   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

20   rights, and (5) the action did not reasonably advance a legitimate correctional goal.");

21   *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("[A]n objective standard governs

22   the chilling inquiry."). Accordingly, the Court adopts Judge Denney's recommendation that

23   Plaintiff's Motion be denied as to Plaintiff's first theory in support of the First Amendment

24   retaliation claim.

25         Lastly, as to Plaintiff's secondary theory of retaliation that Defendant engaged in a

26   pattern of stalking and harassment, the Court finds, as Judge Denney found (ECF No. 67

27   at 4-6), Plaintiff has not met his burden to defend against Defendant's exhaustion

28   defense. Defendant satisfies his initial burden by pointing to Plaintiff's grievance history

(ECF No. 57-2) to show that Plaintiff did not file any grievances regarding his stalking and harassment allegations and therefore did not exhaust his available remedies. (ECF No. 57 at 2, 7-8.) The burden then shifts to Plaintiff to demonstrate that administrative procedures were "effectively unavailable" to him. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Plaintiff points to grievance #2006-308-6717 as evidence of exhaustion, but that grievance does not mention the alleged stalking and harassment (ECF No. 64 at 7-8; ECF No. 52 at 46-55; ECF No. 57-2 at 8.) Plaintiff also argues that NDOC "never responded" to the first-level submission of that grievance (ECF No. 64 at 8), but as Judge Denney found (ECF No. 67 at 5-6), that does not make remedies unavailable, as Administrative Regulation 740 specifically provides that an "inmate may proceed to the next grievance level, if a response is overdue" (ECF No. 52 at 22). Because Plaintiff has not met his burden to show that administrative procedures were unavailable to him to address his stalking and harassment allegations, the Court therefore adopts Judge Denney's recommendation that Plaintiff's Motion be denied as to Plaintiff's second theory in support of the First Amendment retaliation claim.

### 2.      Plaintiff's Second Objection

Plaintiff also objects to Judge Denney's recommendation to grant "summary judgment in favor of [D]efendant as to the retaliation claim." (ECF No. 68 at 2). Although Plaintiff does not specify that he is objecting to the recommendation to grant Defendant's Motion only as to Plaintiff's second theory in support of his retaliation claim that Defendant engaged in a campaign of stalking and harassment, the Court construes the objection as such. (*Id.*) However, Plaintiff appears to discuss his first theory of retaliation regarding the false disciplinary charge and how Plaintiff exhausted his administrative remedies as to that allegation (*Id.* at 2-3), even though Judge Denney did not recommend granting summary judgment in favor of Defendant on Plaintiff's retaliation claim on that theory (ECF No. 67 at 12-13). While the Court acknowledges that Plaintiff's confusion here is understandable, the Court finds Plaintiff's objection unpersuasive because it is not on point and does not address administrative exhaustion as to his stalking and harassment

allegations. The Court thus adopts Judge Denney's recommendation to grant Defendant's Motion only as to Plaintiff's second theory in support of his First Amendment retaliation claim that Defendant engaged in a campaign of stalking and harassment.

To be clear, as discussed above, Plaintiff's First Amendment retaliation claim is proceeding to trial, but only on Plaintiff's primary theory that Defendant filed a false disciplinary charge against Plaintiff in retaliation and *not* on Plaintiff's secondary theory that Defendant engaged in a pattern of stalking and harassment in retaliation. Plaintiff's Eighth Amendment sexual abuse claim is also proceeding to trial.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 68) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 67) is accepted and adopted in full.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 53) is denied.

It is further ordered that Defendant's motion for summary judgment (ECF No. 57) is granted in part and denied in part, as specified herein.

It is further ordered that, pursuant to LR 16-5, the Court finds that it is appropriate to refer this case to Judge Denney to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 2nd Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

7